UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BRAND ENERGY SERVICES, LLC, | : | Case No. 1:16-cv-1043 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| | : | |
| ENERFAB POWER & INDUSTRIAL, INC., | : | |
| | : | |
| | : | |
| Defendant. | : | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS OR STAY (Doc. 9)**

This civil action is before the Court on Defendant's motion to dismiss or stay (Doc. 9)[1] and the parties' responsive memoranda (Docs. 15, 19, 23, 31, 32, 34).

## I.    FACTS AS ALLEGED BY THE PLAINTIFF

For purposes of this motion to dismiss, the Court must: (1) view the complaint in the light most favorable to Plaintiff; and (2) take all well-pleaded factual allegations as true. *Tackett v. M&G Polymers*, 561 F.3d 478, 488 (6th Cir. 2009).

Enerfab subcontracted to construct and install Novel Integrated Desulfurization ("NID") systems as part of the Dry Flue Gas Desulfurization systems at the Gallatin Fossil Plant. (Doc. 1-1 at ¶¶ 7–10). On or about August 23, 2013, Enerfab entered into a Blanket Subcontract Agreement with Brand Energy Services, LLC ("Brand") to govern subcontract work under purchase orders subsequently issued on the Gallatin Project (the

---

[1] This civil action was originally filed in the Middle District of Tennessee and the motion was initially filed as a motion to dismiss or stay or alternatively to transfer venue. Judge Nixon in the Middle District of Tennessee enforced the Forum Selection Clause and transferred the case to this Court, but did not address the motion to dismiss or stay. (*See* Doc. 36).

"Subcontract").  (*Id.* at ¶ 12).  On May 19, 2014, Brand executed a Purchase Order, which detailed the scope of work on the project to include "the supply and installation of the insulation and lagging for the NID proper and associated piping."  (*Id.* at ¶ 16).  Believing Brand failed to complete or commence its work in compliance with the schedule and other Subcontract requirements, Enerfab alleges it attempted to resolve the dispute with Brand.  (Doc. 10 at 4–5).  When Brand cancelled the proposed meeting to discuss the dispute, Enerfab filed suit in the Hamilton County, Ohio Court of Common Pleas on October 23, 2015, for breach of the Subcontract and Purchase Orders relating to the Gallatin Project (the "Ohio action").  (*Id.* at 5; Doc. 10-1 at ¶¶ 40–52).

In its Complaint, Enerfab alleges that Brand failed to supply and install insulation and lagging for four NID units within the scheduling milestones provided in the Insulation Purchase Order (Doc. 10-1 at ¶¶ 40–44); failed to properly install lining for the NID units as provided in the Coatings Purchase Order (*id.* at ¶¶ 45–48); and breached a contractual/express warranty due to the alleged defective workmanship on the NID coatings (*id.* at ¶¶ 49–53).  In total, Enerfab seeks liquidated damages in excess of $25,000; compensatory damages in excess of $25,000; pre- and post-judgment interest; reasonable attorneys' fees and costs; and other appropriate relief.  (*Id.* at ¶ 145).

On November 30, 2015, Brand filed a motion to dismiss Enerfab's Ohio action (Doc. 10 at 5) and simultaneously brought its own suit for breach of the same Subcontract and Purchase Orders against Enerfab in the Circuit Court for Sumner County, Tennessee.  (Doc. 1-1).  In its Complaint, Brand alleges that Enerfab breached the Insulation Purchase

2

Order by failing to provide Brand with sufficient resources to enable Brand to complete its work on time (Doc. 1-1 at ¶¶ 69–73); breached the Coatings Purchase Order by failing to adhere to the Project Schedule, causing delays, and improperly terminating Brand (*id.* at ¶¶ 74–78); breached the covenant of good faith and fair dealing with regard to the Insulation Purchase Order (*id.* at ¶¶ 79–88) and the Coatings Purchase Order (*id.* at ¶¶ 89–98).  Brand also seeks a declaratory judgment that: (1) Enerfab is not entitled to liquidated damages under the Insulation or Coatings Purchase Orders (*id.* at ¶¶ 99–105) and (2) the Forum Selection Clause contained in the Subcontract (which requires all litigation regarding the Subcontract be brought in Hamilton County, Ohio) is void and unenforceable (*id.* at ¶¶ 106–12).  In total, Brand seeks damages in excess of eight million dollars, as well as attorneys' fees and costs.  (*Id.* at ¶¶ 24–25).

Enerfab filed a notice of removal to the Middle District of Tennessee on December 30, 2015.  (Doc. 1).  On January 6, 2016, Enerfab filed this motion.  (Doc. 9).  Enerfab argues that this Court has the authority to dismiss or stay this case pending the resolution of the parallel state court proceeding.  *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).  Specifically, Enerfab argues that Brand's attempt to initiate parallel litigation makes little sense from an efficiency standpoint and the factors relevant to the question of abstention support a dismissal or stay of this action.  Brand maintains that none of the *Colorado River* factors supports abstention.

## II.  STANDARD OF REVIEW

### A.  Motion to Dismiss

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted."  To show grounds for relief, Fed. R. Civ. P. 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id*. (citing *Twombly*, 550 U.S. at 555).  In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]'"  *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265 (1986)).  Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]"  *Id*.

Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678.  A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  Plausibility "is not akin to a 'probability requirement,'

4

but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and the case shall be dismissed. *Id*. (*citing* Fed. Rule Civ. P. 8(a)(2)).

    **B.** **Motion to Stay**

The decision whether to stay proceedings is entirely within a district court's discretion. *Ohio Envtl. Council v. United States Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cause on its docket with the economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Michael v. Ghee*, 325 F. Supp. 2d 829, 831 (N.D. Ohio 2004) (quoting *Landis v. N. Amer. Co.*, 299 U.S. 248, 254-55 (1936)). This Court has weighed the following factors in conducting its balancing analysis: "[1] the potentiality of another case having a dispositive effect on the case to be stayed, [2] the judicial economy to be saved by waiting on a dispositive decision, [3] the public welfare, and [4] the hardship/prejudice to the party opposing the stay, given its duration." *Id.*

### III.    ANALYSIS

Enerfab argues that the doctrine of abstention set forth in *Colorado River Water Conservation v. United States*, 424 U.S. 800 (1976), compels that this action be dismissed

or stayed pending resolution of the Ohio action. The *Colorado River* abstention doctrine sets forth factors for federal courts to consider in deciding whether circumstances exist to support dismissing or staying a federal action when there is a concurrent state action pending. The Sixth Circuit has adopted the *Colorado River* abstention doctrine in considering whether an action should be stayed to avoid piecemeal litigation between state and federal courts. *Romine v. Compuserve Corp.*, 160 F.3d 337 (6th Cir. 1998). "Abstention is 'an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it.'" *Caudill v. Wubanks Farms, Inc.*, 301 F.3d 658, 660 (6th Cir. 2002).

In *Colorado River*, the Supreme Court held that, in accordance with wise judicial administration, federal courts may dismiss or stay a case solely because there is similar litigation pending in a state court in order to conserve judicial resources. 424 U.S. at 818. To determine the applicability of *Colorado River* to a particular case, courts first determine whether there is a parallel proceeding in a state court. *Bates v. Van Buren Twp.*, 122 F. App'x 803, 806 (6th Cir. 2004). In parallel proceedings, the Sixth Circuit has instructed courts to consider eight factors when deciding whether to apply *Colorado River* abstention. These factors are:

> (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained…(5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction.

*Romine*, 160 F.3d at 340-41. "These factors, however, do not comprise a mechanical checklist. Rather, they require 'a careful balancing of the important factors as they apply in a given case' depending on the particular facts at hand." *Id.* at 341.

### 1. Parallel Action

Before proceeding to the *Colorado River* test itself, a court must first determine whether the federal and state proceedings are parallel. 424 U.S. at 806 ("the threshold question in *Colorado River* abstention is whether there are parallel proceedings in state court"). Suits are parallel when the actions are inextricably woven and involve substantially the same parties litigating substantially the same issues. *Romine*, 160 F.3d at 340.

Here, Brand's federal action is clearly parallel to Enerfab's Ohio action, because Brand's complaint involves the same parties and is litigating substantially the same issues. The central issue in both lawsuits in whether Brand or Enerfab breached the Subcontract and/or Purchase Orders when they performed work at the Gallatin Fossil Plant.

### 2. Colorado River Factors

Six of the eight *Colorado River* factors militate in favor of the Court dismissing or staying this action. *Romine*, 160 F.3d at 340-41. Here, the danger of piecemeal litigation, the order in which the proceedings were filed, the advanced nature of the proceedings in the state court, the absence of a federal issue, the adequacy of the Ohio

7

forum to protect Plaintiff's rights, and the presence of concurrent jurisdiction, militate strongly in favor of abstention. *See, e.g., Red Roof Inns, Inc. v. A.C. Furniture Co.*, No., 2:10cv525, 2012 U.S. Dist. LEXIS 24321, at *14 (S.D. Ohio Feb. 27, 2012). A court's finding that a factor is neutral weighs against abstention. *Kile Int'l Trucks, Inc. v. Int'l Truck & Engine Co.*, No. 3:05cv0534, 2006 U.S. Dist. LEXIS 2024, at *13-14 (M.D. Tenn. Jan. 9, 2006).

### i. Jurisdiction over any res or property

There is no property at issue, so this factor weighs against abstention. *Romine*, 160 F.3d at 341 ("The first factor to be weighed under the *Colorado River* test—whether the state court has assumed jurisdiction over any res or property—is inapposite to the instant matter because no property is at issue; this factor thus weighs against abstention.").

### ii. Convenience to the parties

Since this civil action is now in the Southern District of Ohio at Cincinnati, blocks from the Hamilton County courthouse, the federal forum is just as convenient as the state forum. Accordingly, this factor weighs against abstention.

### iii. Whether abstention would avoid piecemeal litigation

A desire to avoid piecemeal litigation was "the consideration that was paramount in *Colorado River* itself." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 19 (1983). Piecemeal litigation occurs when different courts adjudicate the same issues, thereby supplicating judicial effort and possibly rendering an inconsistent result.

*Romine*, 160 F.3d at 341.[2] For this Court and the state court to focus simultaneously on the same issue would be a waste of limited judicial resources. *Phillip Diniaco & Sonds, Inc. v. Max J. Colvin & Sons Trucking, Inc.*, 865 F.2d 1269 (6th Cir. 1988). As Judge Marbley remarked in *Emerald Logistics, Inc. v. Crutcher*, No. 2:07cv1112, 2008 U.S. Dist. LEXIS 64898 (S.D. Ohio Aug. 25, 2008), in concluding that abstention was appropriate under *Colorado River*: "It would be especially wasteful to simultaneously litigate this dispute in two for[a] considering that the Tennessee court will almost certainly render judgment first and thereby deprive this Court of jurisdiction to resolve the matter because of *res judicata*." *Id.* at 10. Accordingly, this factor weighs in favor of abstention.

### iv. The order in which jurisdiction was obtained

The fourth *Colorado River* factor, the order in which jurisdiction was obtained, gives preference to the case that was filed first. Here, Enerfab filed its state action in October 2015, before this action was removed to federal court and before Brand initially filed its case in Tennessee. Brand filed its lawsuit one month after Enerfab's Ohio action commenced. This case was not removed to federal court until more than two months after the Ohio action was filed.

Brand argues that since the state court action was filed in violation of contractual dispute resolution provisions, the order of obtaining jurisdiction weighs against

---

[2] *See, e.g., Emerald Logistics, Inc. v. Crutcher*, 2:07cv1112, 2008 U.S. Dist. LEXIS 648998 (S.D. Ohio Aug. 25, 2008) (concluding that *Colorado River* abstention was appropriate where the race to get a favorable judgment could create "perverse incentives").

abstention.  *Moses*, 460 U.S. at 21 (order in which state and federal courts obtained jurisdiction weighed against abstention where, despite the defendant first filing the state court action, the plaintiff in the federal action had no reason to file the federal court action until after the defendant filed suit in state court, indicating defendant's refusal to abide by the arbitration agreement).  However, Brand ignores the fact that it filed suit before it mediated with Enerfab.  Brand never sought to compel Enerfab to mediate.  In fact, Brand's motion to dismiss in the Ohio action (which was denied), was based solely on a venue argument, not that mediation was required.  Accordingly, this factor weighs in favor of abstention.

### v. Whether the source of governing law is state or federal

State law governs the causes of action asserted both in this case and in Enerfab's Ohio action.  In cases where state law applies, rather than federal law, federal courts have routinely agreed to abstain from asserting jurisdiction.  *See, e.g., Int'l Forest Prods. Corp. v. Stonewall Packaging, LLC*, No. 3:11cv0120, 2011 U.S. Dist. LEXIS 103777, at *29 (M.D.Tenn. Aug. 8, 2011) ("Because there are no federal claims and state law governs both actions, the fifth factor weighs in favor of abstention").  This Court has jurisdiction pursuant to diversity of citizenship, not because any causes of action arise under federal law.  Accordingly, this factor favors abstention.

### vi. The adequacy of the state court action to protect the federal plaintiff's rights

The sixth factor, the adequacy of the state court action to protect the federal plaintiff's rights, strongly favors abstention. The Ohio action has been placed on the Hamilton County, Ohio Court of Common Pleas Commercial Docket. The Commercial Docket is specially designed to handle "[d]isputes between or among two or more business entities or individuals as to their business or investment activities relating to contracts, transactions, or relationships between or among them." (Amendments to the Rules of Superintendence for the Court of Ohio, Rule 49.05(e)). Accordingly, the Hamilton County Common Pleas Court Commercial Docket is especially well-equipped to handle the parties' breach of contract claims. Moreover, the state court is better equipped to handle state law issues.

### vii. The relative progress of the state and federal proceedings

The seventh factor, the relative progress of the state and federal proceedings, also weighs in favor of abstention. Enerfab filed the Ohio action over two months prior to this action being removed to federal court. There has been no substantive progress made in this case. On the other hand, the Ohio court heard oral argument on Brand's motion to dismiss (claiming the case should proceed in Tennessee) and on September 27, 2016, the Court issued a decision denying the motion. Additionally, there is a Calendar Order in the Ohio action that requires dispositive motions be filed no later than June 16, 2016 and

11

trial is set for November 6, 2017. This federal action does not even have a calendar order yet. Accordingly, the state proceeding is clearly more advanced than the federal action.

### viii. The presence or absence of concurrent jurisdiction

This federal court's jurisdiction is based on diversity of citizenship and not on any federal causes of action. "[T]he fact that there is concurrent jurisdiction in this case has little bearing on abstention—except that it is within the federal court's discretion to favorably weigh abstention in such circumstances." *Epps v. Lauderdale Cnty.*, 139 F. Supp.2d 859, 869 (W.D. Tenn. 2000). Accordingly, this factor favors abstention.

In balancing the *Colorado River* factors as they apply to this case, the Court finds that the two factors that weigh in favor of the exercise of jurisdiction are significantly less important than the six factors that strongly favor abstention. Although the balancing test is generally weighted in favor of the exercise of jurisdiction, the Court finds that this present case is one of those truly exceptional cases where the principles of wise judicial administration, conservation of judicial resources, and comprehensive disposition of litigation warrant abstention on account of parallel state litigation.

### C. Stay or Dismissal

Having found that abstention is appropriate, the Court will stay rather than dismiss this case. A stay "lessens concerns over the statute of limitations, enables the parties to return to the judge who is already familiar with the case, and generally protects all the rights of the parties without imposing any additional burden on the district court." *Emerald Logistics*, 2008 U.S. Dist. LEXIS 64898 at 6. "Further, a stay 'permits the

federal court to retain jurisdiction in case the state court action does not meet its anticipated end…[and brings] the case back before the same federal judge if a determination is needed as to the preclusive effects of the state judgment or decisions.'" *Id.*

## IV. CONCLUSION

For these reasons, Defendant's motion to dismiss or stay (Doc. 9) is **GRANTED**. This civil action is **STAYED** until the case now pending in the Hamilton County Court of Common Pleas (*Enerfab Power & Industrial, Inc. v. Brand Energy Services*, Case No. A1505771) is fully resolved. Counsel shall notify the Court when the case has been resolved.

**IT IS SO ORDERED**.

Date: 11/8/16                                              *s/ Timothy S. Black*
                                                          Timothy S. Black
                                                          United States District Judge